### HALE et al. v. HATCH & NORTH COAL CO. et al.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

#### No. 183.

MONOPOLIES (§ 28*)—CIVIL DAMAGES—EVIDENCE—QUESTION FOR JURY.

In an action by a private individual to recover threefold damages, authorized by Sherman Anti-Trust Law July 2, 1890, c. 647, § 7. 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), against an alleged combination of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

coal dealers in a city, engaged in interstate commerce, to force plaintiff out of business and into bankruptcy, which they were successful in doing, evidence *held* to entitle plaintiff to submission to the jury of the question whether a combination and conspiracy among defendants existed, whether they maintained a secret organization to keep up prices and to boycott dealers who did not enter the organization, and whether plaintiff was injured as the result of such conspiracy.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

In Error to the District Court of the United States for the District of Connecticut; James P. Platt, Judge.

Action by Charles R. Hale and others against the Hatch & North Coal Company and others. A judgment was entered in favor of defendants by direction of the court, and plaintiffs bring error. Reversed.

Ralph M. Grant and Josiah H. Peck, both of Hartford, Conn., and James A. Marr, of Bridgeport, Conn., for plaintiffs in error.

Henry Stoddard, of New Haven, Conn., and Hyde, Joslyn, Gilman & Hungerford, J. Gilbert Calhoun, and John J. Dwyer, all of Hartford, Conn., for defendants in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. This action is brought under the Sherman law (Act July 2, 1890, c. 647, 26 Stat. 210 [U. S. Comp. St. 1901, p. 3202]), the seventh section of which gives a private individual, whose business is injured by any of the acts forbidden by the law, or declared unlawful thereby, the right to sue therefor and recover threefold damages. The act declares contracts, combinations and conspiracies in restraint of trade or commerce among the several states, illegal. It also provides that every person who shall monopolize or combine or conspire with any other person to monopolize interstate commerce, or make a contract or enter into a combination or conspire in restraint of trade, shall be guilty of a misdemeanor. For several years after October, 1903, the plaintiff, Charles R. Hale, had been engaged, at Hartford, Conn., in buying and selling coal mined in states other than Connecticut. A large part of this coal was mined in Pennsylvania and was the subject of interstate commerce.

The defendants were coal dealers of Connecticut, having a place of meeting at Hartford where they frequently met. The plaintiff had built up an increasing business and had received a contract to supply the city with coal, for which he had underbid the other dealers. Soon thereafter he found it impossible to get coal from wholesale dealers, who not only refused to supply him, but in one instance, at least, canceled an order already accepted. Parties to the alleged conspiracy endeavored to persuade dealers outside of Hartford not to furnish him with coal. Other parties endeavored to persuade him to join the combination. The final result was that the plaintiff was forced into bankruptcy.

During the comparatively short period in which Hale had been engaged in buying and selling coal he succeeded in building up a flourishing and steadily increasing business until he was successful in procuring the contract with the city in competition with the defendants. Then his troubles began; difficulty after difficulty confronted him, obstacle after obstacle was placed in his path; the result being, as before stated, failure and bankruptcy. We have, then, a successful and growing coal business destroyed. A large number of local dealers whose interests were hostile to those of Hale. Inability on Hale's part to purchase coal except at ruinous prices.

In looking for the causes responsible for Hale's ruin, we naturally turn to those persons who were being injured by his success, viz., the local coal dealers of Hartford. It appears that they rented a room in the Hartford Trust Company building where they held meetings, that they met there and elsewhere under circumstances indicating secrecy. It also appears that several of the members openly expressed the opinion that Hale's conduct was demoralizing the price of coal in Hartford. One of the witnesses testified that the Secretary of the Hartford Coal Dealers' Association, and a defendant, stated to the witness that "they had an association that was holding up the price of coal; and that everybody was in it with the exception of Mr. Hale."

Without considering the entire testimony which points to the defendants, or some of them, as the parties responsible for the destruction of Hale's business, we think enough has been stated to make it clear that the question was one of fact which should have been submitted to the jury. It is true that the evidence is to a large extent circumstantial. The defendants did not write out and formally pass a resolution declaring that Hale was demoralizing the trade by selling at lower prices than the association deemed reasonable and that, therefore, they would not deal with him themselves or with any wholesaler who sold him coal. Conspirators do not work in this way. They do not advertise their purpose openly, their methods are secret, sinister and clandestine. It is rare, indeed, that a conspiracy is proved by direct evidence. In a vast majority of cases circumstantial evidence is relied on. Such evidence is as efficacious as direct if it establishes the proposition that the defendants, or some of them, had a common purpose to violate the law which they succeeded in accomplishing. Marrash v. United States, 168 Fed. 225, 229, 93 C. C. A. 511.

The jury might have found that the combination and conspiracy alleged in the complaint existed; they might have found that there was a secret organization of Hartford dealers to keep up prices and to boycott those who did not enter the organization. Had they so found their verdict could not have been set aside as contrary to the evidence. It matters not whether the evidence was strong or weak, it is sufficient that the jury was justified in finding that it established the alleged conspiracy. It cannot be held as matter of law that the plaintiff failed to make a case.

The judgment is reversed.